■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIK HOLMAN, Appellant. [826 NYS2d 287]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 13, 2004, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral and written statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant made a timely motion to withdraw his plea of guilty to depraved indifference murder (*see* Penal Law § 125.25 [2]), pursuant to CPL 220.60 (3). Contrary to the defendant's contention, however, the County Court providently exercised its discretion in denying the motion on the ground that the plea was knowingly, voluntarily, and intelligently entered in the presence of the defendant's counsel (*see People v Palmer*, 29 AD3d 606 [2006]; *People v Molloy*, 28 AD3d 681 [2006]; *People v Rodriguez*, 17 AD3d 267, 268 [2005]; *People v Colon*, 114 AD2d 967 [1985]). The plea contained an unrestricted waiver of all possible appellate claims, including the right to challenge the court's decision on his suppression motion (*see People v Burke*, 25 AD3d 722 [2006]). Thus, the defendant's challenge to the County Court's suppression determination is barred.

With respect to the factual sufficiency of the defendant's plea allocution, the County Court made an inquiry sufficient to conclude that the defendant meant to plead guilty to depraved indifference murder (*see* Penal Law § 125.25 [2]). Because the court inquired further to ensure that the plea was knowing and voluntary, and the defendant did not complain about the court's remedial action, the defendant "has waived any further challenge to the allocution, and thus no issue is preserved for our

review" (*see People v Lopez*, 71 NY2d 662, 668 [1988]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.