■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HIGGS, Appellant. [831 NYS2d 214]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered January 4, 2006, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant voluntarily, knowingly, and intelligently waived his right to appeal as part of his plea agreement (*see People v Ramos,* 7 NY3d 737 [2006]; *People v Seaberg,* 74 NY2d 1 [1989]). The defendant executed a detailed written waiver of the right to appeal from the judgment of conviction which included "any suppression issues that may exist . . . pre-trial motions or rulings by the Court" (*People v Kemp,* 94 NY2d 831, 833 [1999]; *see People v Williams,* 36 NY2d 829, 830 [1975], *cert denied* 423 US 873 [1975]; *People v Holman,* 33 AD3d 815 [2006]; *People v Burke,* 25 AD3d 722 [2006]). Thus, review of his challenge to the County Court's suppression determination is foreclosed by this waiver. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JAMES, Appellant. [828 NYS2d 917]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 25, 2005 (*People v James,* 17 AD3d 696 [2005]), affirming a judgment of the Supreme Court, Kings County, rendered April 10, 2002.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Miller, Mastro and Florio, JJ., concur.