# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**841**

**KA 09-02286**

PRESENT: SCUDDER, P.J., SMITH, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TIMOTHY WARGULA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

TIMOTHY WARGULA, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (J. MICHAEL MARION OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 21, 2009. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus that his contentions on appeal are not encompassed by the waiver, we nevertheless conclude that they are without merit. We reject defendant's contention that Supreme Court misapprehended the scope of its discretionary authority when it imposed a five-year period of postrelease supervision inasmuch as defendant was sentenced in accordance with the plea agreement providing that he would be sentenced to a determinate term of imprisonment of 18 years and to five years of postrelease supervision (*see generally People v McCrimager*, 81 AD3d 1324). We conclude that the court's reliance on the presentence report for its determination that defendant would not be afforded youthful offender status "constitutes an adequate explanation for the denial of defendant's request for such status" (*People v Lewis*, 49 AD3d 1290, 1291; *see People v DePugh*, 16 AD3d 1083, 1084; *cf. People v Lee*, 79 AD3d 1641; *see generally* CPL 720.20 [1]). We reject defendant's further contention that the sentence is unduly harsh and severe. We have reviewed defendant's remaining contentions, including the contention raised in his pro se supplemental brief, and conclude that they are

without merit.

Entered:  July 1, 2011                    Patricia L. Morgan
                                          Clerk of the Court