# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

731

KA 10-00861

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY JONES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 14, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Hamilton*, 49 AD3d 1163, 1164; *People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767). Indeed, on this record there is no basis upon which to conclude that the court ensured "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). We nevertheless reject defendant's contention that the court abused its discretion in denying his request for youthful offender status (*see People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961; *People v Potter*, 13 AD3d 1191, 1191, *lv denied* 4 NY3d 889), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see generally People v Shrubsall*, 167 AD2d 929, 930-931). Finally, we conclude that "the court's reliance on the presentence report for its determination that defendant would not be afforded youthful offender status 'constitutes an adequate explanation for the denial of defendant's request for such status' " (*People v Wargula*, 86

AD3d 929, 930, *lv denied* 17 NY3d 862).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court