# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**831**

**KA 11-01483**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMAL H., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered May 25, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Defendant does not raise any contentions with respect to the adjudication in appeal No. 1, and we therefore deem abandoned any such contentions (*see generally People v Bridgeland*, 19 AD3d 1122, 1123). It is undisputed that Supreme Court originally had agreed that it would adjudicate defendant a youthful offender in connection with his plea of guilty on the indictment in appeal No. 2 as well as in connection with his plea of guilty on the indictment in appeal No. 1 but that, at sentencing, the court determined that it was not able to comply with its original sentence promise with respect to the indictment in appeal No. 2. The court vacated defendant's pleas in connection with both indictments. Defendant thereafter again pleaded guilty to, inter alia, the indictment in appeal No. 2.

"As a matter of law and strong public policy, a sentencing promise made in conjunction with a plea is conditioned upon 'its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources' " (*People v Hicks*, 98 NY2d 185, 188; *see People v Herber*, 24 AD3d 1317, 1318, *lv denied* 6 NY3d 814). Contrary to defendant's contention, "the court's reliance on the presentence report for its determination that

defendant would not be afforded youthful offender status 'constitutes an adequate explanation for the denial of defendant's request for such status' " (*People v Wargula*, 86 AD3d 929, 930, *lv denied* 17 NY3d 862). The presentence report "included mitigating and aggravating factors, [and therefore] adequately explained the court's reasons for denying youthful offender status on the instant indictment" (*People v DePugh*, 16 AD3d 1083, 1084).  To the extent that defendant contends that the court was aware of all of the information contained in the presentence report at the time it agreed to adjudicate defendant a youthful offender, we note that not all of the aggravating factors that are contained in the presentence report otherwise appear on the record. Thus, we are unable to review defendant's contention that the court abused its discretion in determining that it could not comply with the original plea agreement because it was apprised of those factors during a pre-plea conference.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court