Whalen, J. (dissenting).
I respectfully dissent and would affirm. I cannot agree with the majority that People v Rudolph (21 NY3d 497 [2013]) requires this Court to remit this case to County Court for a youthful offender determination. Rather, I conclude that the sentencing court determined that defendant was not a youthful offender and did not abuse its discretion in doing so.
In Rudolph, the majority noted that CPL 720.20 (1) requires that “where a defendant is eligible to be treated as a youthful offender, the sentencing court ‘must’ determine whether he or she is to be so treated” (21 NY3d at 499). The majority held that the use of the word “ ‘must’ ” in the statute reflected “a policy choice that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain” {id. at 501). Thus, the Court overruled its previous decision in People v McGowen (42 NY2d 905 [1977]; see 21 NY3d at 499).
Here, when imposing the term of interim probation supervision, the court explicitly informed defendant that, if he violated the terms and conditions of the interim probation supervision, the court would sentence him as an adult and would not adjudicate him a youthful offender. After finding that defendant had violated the terms and conditions of his interim probation supervision, the court stated when sentencing defendant that defendant previously had been adjudicated a youthful offender on two occasions, but that his sentence of probation had been revoked in each instance. The court then determined that, based on that and other circumstances, “the promised sentence is appropriate here.”
*1065 In my view, the court’s statement at sentencing that the “promised sentence” was appropriate was sufficient to satisfy the mandate of the Court of Appeals in Rudolph that the sentencing court make a youthful offender determination on the record. The majority in Rudolph did not hold that the sentencing court must use the words “youthful offender” or invoke any other particular phrase but, rather, the majority held that “the court must make the decision in every case” (21 NY3d at 501). At sentencing, the court noted multiple factors that supported its decision to refuse to adjudicate defendant a youthful offender before stating that “the promised sentence is appropriate here.” I therefore conclude that defendant received that to which he was entitled under the interpretation of CPL 720.20 by the Court of Appeals in Rudolph, i.e., “consideration by the sentencing court of whether youthful offender treatment is appropriate or not” (id. at 503).
I otherwise conclude that the court properly determined that defendant violated the terms and conditions of his interim probation supervision and that defendant was afforded due process. Because I conclude that the court determined that defendant should not be adjudicated a youthful offender, I further address defendant’s contention that the determination was an abuse of discretion. I reject that contention, and I would not exercise this Court’s interest of justice jurisdiction to make that adjudication (see People v Jones, 107 AD3d 1589, 1590 [2013], lv denied 21 NY3d 1075 [2013]; People v Guppy, 92 AD3d 1243, 1243 [2012], lv denied 19 NY3d 961 [2012]). I would therefore affirm the judgment. Present — Smith, J.P., Peradotto, Garni, Valentino and Whalen, JJ.