# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

334

KA 12-01706

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

ALI O., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from an adjudication of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 10, 2012. Defendant was adjudicated a youthful offender upon his plea of guilty to attempted robbery in the third degree.

It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.

Memorandum: On appeal from an adjudication based upon his plea of guilty of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05), defendant contends that Supreme Court erred in imposing an enhanced sentence without conducting a sufficient inquiry into his alleged violation of the conditions of the plea agreement (*see People v Outley*, 80 NY2d 702, 713). Because defendant "failed to request such a hearing and did not move to withdraw his plea on that ground," his contention is unpreserved for our review (*People v Scott*, 101 AD3d 1773, 1773, *lv denied* 21 NY3d 1019). In any event, the court was not required to conduct an inquiry because defendant was rearrested prior to sentencing, in violation of the plea agreement, and he did not "deny that he committed the new offense[s] or otherwise challenge the validity of his postplea arrest" (*People v Mills*, 90 AD3d 1518, 1519, *lv denied* 18 NY3d 960).

We agree with defendant that the waiver of the right to appeal does not encompass his challenge to the severity of the sentence because the court, during the plea colloquy, merely advised him that he was waiving his right to appeal from the conviction (*see People v Maracle*, 19 NY3d 925, 927). We nevertheless reject defendant's contention that the enhanced sentence is unduly harsh and severe. Notably, although the court could have sentenced defendant as an adult because of his violation of the plea agreement, it adhered to its promise to adjudicate him a youthful offender. We also note that

defendant participated in a violent attack upon the victim, and that this case was not his first contact with the criminal justice system.

Entered:  March 28, 2014                    Frances E. Cafarell
                                           Clerk of the Court