Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered November 18, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The Supreme Court told the defendant that, as a condition of his plea agreement, he was required to waive his right to appeal. Contrary to the defendant’s contention, the court did not tell him that an appeal waiver was a mandatory part of every guilty plea, and nothing in the court’s colloquy could be interpreted so broadly. Moreover, the court expressly told the defendant that the appeal waiver encompassed any hearings that had already been held in the case. Therefore, the defendant’s challenges to the validity and scope of his waiver of the right to appeal are without merit (see People v Seaberg, 74 NY2d 1, 11 [1989]; cf. People v Muniz, 91 NY2d 570, 573 [1998]). Further, the defendant has not drawn our attention to any other circumstance which might otherwise warrant our declining to enforce the appeal waiver. Accordingly, appellate review of the defendant’s contentions relating to a suppression ruling is precluded (see People v Montane, 110 AD3d 1101, 1101 [2013], lv denied 22 NY3d 1089 [2014]; People v Holman, 33 AD3d 815, 815 [2006]; People v Sloane, 13 AD3d 400, 400 [2004]). Balkin, J. E, Lott, Austin and Miller, JJ., concur.