# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**789**

**KA 11-02153**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

MICHAEL HASSETT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 14, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]). We agree with defendant that the waiver of the right to appeal is invalid because " 'the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Jones*, 107 AD3d 1589, 1589-1590, *lv denied* 21 NY3d 1075; *see People v Amir W.*, 107 AD3d 1639, 1640; *People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024), and because "there is no basis upon which to conclude that the court ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*id.*, quoting *People v Lopez*, 6 NY3d 248, 256). In any event, we further agree with defendant that his contention regarding the court's imposition of an enhanced sentence based on his alleged violation of a condition of the plea agreement would survive even a valid waiver of the right to appeal, inasmuch as "the court failed to advise defendant of . . . the conduct that could result in the imposition of an enhanced sentence before defendant waived his right to appeal" (*People v Sundown*, 305 AD2d 1075, 1075-1076).

Defendant failed to preserve for our review his contention that the condition of the plea agreement concerning the imposition of an

enhanced sentence is invalid because it was imposed after he entered his guilty plea but before the conclusion of the plea proceeding (*see* CPL 470.05 [2]).  He likewise failed to preserve for our review his further contention that the court erred in imposing an enhanced sentence without conducting a sufficient inquiry into his alleged violation of the conditions of the plea agreement and without holding an evidentiary hearing, inasmuch as he failed to object to the sufficiency of the court's inquiry or to request a hearing, and he did not move to withdraw his plea on that ground (*see People v Ali O.*, 115 AD3d 1353, 1353-1354, *lv denied* ___ NY3d ___ [May 28, 2014]).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Finally, we reject defendant's contention that the enhanced sentence is unduly harsh and severe.

Entered:  July 11, 2014                    Frances E. Cafarell
                                           Clerk of the Court