# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

350

KA 13-00199

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

PETER M. LAURENDI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 9, 2012. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), defendant contends that Supreme Court erred in enhancing his sentence without affording him the opportunity to withdraw his plea (*see generally People v Outley*, 80 NY2d 702, 712-713, *cert denied* 519 US 964). Defendant failed to preserve that contention for our review, however, because "he failed to object to the alleged enhanced sentence and did not move to withdraw his plea or to vacate the judgment of conviction on that ground" (*People v Epps*, 109 AD3d 1104, 1105; *see People v Wachtel*, 117 AD3d 1203, 1203, *lv denied* 23 NY3d 1044). Defendant also failed to preserve for our review his contention that the court failed to conduct a sufficient inquiry into his violation of the conditions of the plea agreement before imposing an enhanced sentence (*see People v Hassett*, 119 AD3d 1443, 1444, *lv denied* 24 NY3d 961; *People v Anderson*, 99 AD3d 1239, 1239, *lv denied* 20 NY3d 1059). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

To the extent that defendant's contention that he was denied effective assistance of counsel at sentencing survives his guilty plea, we conclude that it lacks merit (*see People v LaCroce*, 83 AD3d 1388, 1388, *lv denied* 17 NY3d 807). Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the

apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).
The sentence, as imposed, is not unduly harsh or severe.