SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1064**
**KA 12-01003**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY COKER, DEFENDANT-APPELLANT.
_____

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

----------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 5, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We agree with defendant that "the waiver of the right to appeal is invalid because the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Jones*, 107 AD3d 1589, 1589, *lv denied* 21 NY3d 1075 [internal quotation marks omitted]; *see People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024). Further, the People correctly concede that the court failed to ensure "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see Jones*, 107 AD3d at 1590).

Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on the ground that the court's *Outley* warning was not part of the plea agreement and thus failed to preserve for our review his contention that the court erred in imposing an enhanced sentence (*see People v Scott*, 101 AD3d 1773, 1773-1774, *lv denied* 21 NY3d 1019). In any event, that contention is without merit inasmuch as "the record establishes that defendant 'was clearly informed of the consequences of his failure' to abide by the conditions of his plea agreement" (*id.* at 1774), and defendant stated that he understood that

he was subject to an enhanced sentence in the event that he was "involved in any new criminal conduct."  Even assuming, arguendo, that defendant's contention that he was denied effective assistance of counsel based upon counsel's failure to object to that condition survives his plea of guilty, we reject that contention.  The record establishes that defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404; *see People v Laurendi*, 126 AD3d 1401, 1402; *People v Parson*, 122 AD3d 1441, 1442-1443).

Defendant likewise failed to preserve for our review his contention that the court erred in failing to hold a hearing on the issue whether he violated the "new criminal conduct" condition of his plea agreement because he failed to request such a hearing (*see People v Ali O.*, 115 AD3d 1353, 1353-1354, *lv denied* 23 NY3d 960).  In any event, we conclude that "[t]he court was not required to conduct an evidentiary hearing to determine the veracity of defendant's excuses," and that the court conducted a sufficient inquiry before determining that defendant had engaged in criminal conduct before it imposed the enhanced sentence (*People v Albergotti*, 17 NY3d 748, 750).

Finally, the sentence is not unduly harsh or severe.

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court