■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS AUGUSTIN PEREZ, Appellant. [30 NYS3d 918]—Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered September 30, 2014, convicting him of course of sexual conduct against a child in the second degree, upon a plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal does not foreclose review of his contention that he was deprived of his right to due process because the sentencing court failed to conduct a sufficient inquiry to determine whether he violated a condition of his plea agreement requiring that he not be arrested for a new crime (*see People v Cousar*, 128 AD3d 716 [2015]; *People v Arrington*, 94 AD3d 903 [2012]). However, contrary to the defendant's contention, the inquiry conducted by the sentencing court was sufficient to determine that there was a legitimate basis for the defendant's post-plea arrest, and thus satisfied the requirements of due process (*see People v Driscoll*, 131 AD3d 766 [2015]; *People v Arrington*, 94 AD3d 903 [2012]).

Since the defendant was informed of the maximum sentence that could be imposed if he failed to comply with the conditions of his plea agreement, his general waiver of his right to appeal encompasses his claim that the enhanced sentence was excessive (see People v Lococo, 92 NY2d 825, 827 [1998]; People v Frazier, 127 AD3d 1229, 1230 [2015]; People v Gonzalez, 93 AD3d 679 [2012]).

The defendant's remaining contention is without merit. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.