# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**892**

**KA 14-01830**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BRIAN L. SMITH, ALSO KNOWN AS BRIAN LEE SMITH,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Genesee County (Eric R. Adams, A.J.), rendered June 25, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [c]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of aggravated family offense (§ 240.75 [1]). The two matters were covered by a single plea colloquy. Defendant contends in each appeal that Supreme Court erred in enhancing his sentence without an adequate factual basis (*see generally People v Outley*, 80 NY2d 702, 712-713). Defendant failed to preserve that contention for our review inasmuch as "he failed to object to the alleged enhanced sentence[s] and did not move to withdraw his plea or to vacate the judgment[s] of conviction on that ground" (*People v Laurendi*, 126 AD3d 1401, 1402, *lv denied* 26 NY3d 1009 [internal quotation marks omitted]; *see People v Epps*, 109 AD3d 1104, 1105). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Defendant further contends in each appeal that he was denied effective assistance of counsel at sentencing. To the extent that such contention survives his guilty plea, we conclude that it lacks merit (*see People v LaCroce*, 83 AD3d 1388, 1388, *lv denied* 17 NY3d 807). Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v*

*Ford*, 86 NY2d 397, 404).

Entered:  November 10, 2016              Frances E. Cafarell
                                        Clerk of the Court