■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENNIS EDWARDS, Appellant. [54 NYS3d 907]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 28, 2013. The judgment convicted defendant, upon his plea of guilty, of kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of kidnapping in the second degree (Penal Law § 135.20). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Hassett*, 119 AD3d 1443, 1443-1444 [2014], *lv denied* 24 NY3d 961 [2014] [internal quotation marks omitted]). In addition, "there is no basis upon which to conclude that the court ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Jones*, 107 AD3d 1589, 1590 [2013], *lv denied* 21 NY3d 1075 [2013], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]). We nevertheless conclude that the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, DeJoseph, NeMoyer and Scudder, JJ.