■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIRIAM HUMBACH, Appellant. [57 NYS3d 406]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered June 10, 2014, convicting her of criminal contempt in the first degree and criminal contempt in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, she knowingly, voluntarily, and intelligently waived her right to appeal (*see People v Sanders*, 25 NY3d 337, 339-340 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Brown*, 122 AD3d 133, 142 [2014]; *People v Ramsey*, 116 AD3d 717, 717 [2014]).

The defendant's waiver of her right to appeal does not foreclose review of her contention that the County Court failed to conduct a sufficient inquiry to determine whether she violated a presentence condition of her plea agreement when she was arrested for a new crime and whether there was a legitimate basis for that arrest, or her further contention that the court

improperly conducted a portion of that inquiry outside of her presence (see *People v Perez*, 140 AD3d 799, 799 [2016]; *People v Cousar*, 128 AD3d 716, 716 [2015]; *People v Arrington*, 94 AD3d 903, 903 [2012]). However, the defendant failed to preserve these issues for appellate review, since she did not request a hearing, object to the adequacy of the inquiry conducted by the court, object to the procedure employed by the court, or move to withdraw her plea of guilty (see CPL 470.05 [2]; *People v Reynolds*, 27 NY3d 1099, 1101 [2016]; *People v Douglas*, 94 NY2d 807, 808 [1999]; *People v Cousar*, 128 AD3d at 716; *People v Ali O.*, 115 AD3d 1353, 1353-1354 [2014]; *People v Stafford*, 115 AD3d 683, 683 [2014]; *People v Miles*, 268 AD2d 489, 490 [2000]). The defendant's failure to raise these contentions before the County Court deprived both the People and the court of the opportunity to address and remedy the alleged errors. Under the circumstances, we decline to review these contentions in the exercise of our interest of justice jurisdiction (see generally *People v Chatman*, 14 AD3d 620, 620 [2005]; *People v Brooks*, 217 AD2d 492, 492 [1995]; *People v Prescott*, 191 AD2d 521 [1993]).

The defendant's contention that her plea of guilty was not voluntary also survives her waiver of the right to appeal (see *People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Espejo*, 145 AD3d 1031, 1031-1032 [2016]). However, the defendant failed to preserve this contention for appellate review since she did not move to withdraw her plea on this ground prior to the imposition of sentence (see CPL 220.60 [3]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Spencer*, 149 AD3d 983 [2017]). Under the circumstances, we decline to review this issue in the exercise of our interest of justice jurisdiction.

Finally, since the defendant was informed of the maximum sentence that could be imposed if she failed to comply with the conditions of her interim probation, the valid waiver of her right to appeal encompasses her claim that the enhanced sentence was excessive (see *People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Perez*, 140 AD3d 799, 800 [2016]). Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.