◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY YODICE, Appellant. [59 NYS3d 898]—Appeal by the defendant from an amended sentence of the Supreme Court, Queens County (Wong, J.), imposed August 11, 2015, revoking a sentence of probation previously imposed by the same court (Koenderman, J.), upon a finding that he violated the conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal contempt in the first degree.

Ordered that the amended sentence is affirmed.

The defendant pleaded guilty to criminal contempt in the first degree, and was sentenced to a term of imprisonment of six months and a period of probation of five years. Thereafter, in connection with a subsequent incident, the defendant was convicted of attempted criminal contempt. On that basis, after a hearing, his sentence of probation was revoked and a term of imprisonment imposed.

Under the circumstances, the defendant's waiver of his right to appeal, given at the time of his plea of guilty, did not preclude review of his claim that the amended sentence imposed upon his violation of conditions of his probation was excessive. The defendant was not informed of the maximum sentence that could be imposed if he failed to conform to the conditions of probation and, thus, did not knowingly waive his right to appeal from the amended sentence (*cf. People v Maracle*, 19 NY3d 925, 928 [2012]; *People v Lococo*, 92 NY2d

825 [1998]; *People v Perez*, 140 AD3d 799 [2016]; *People v Saaverda*, 132 AD3d 701, 702 [2015]; *People v Frazier*, 127 AD3d 1229 [2015]; *People v Gonzalez*, 93 AD3d 679 [2012]; *People v Miles*, 268 AD2d 489, 489-490 [2000]).

Nevertheless, the amended sentence was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Sgroi, Maltese and Barros, JJ., concur.