People v Sancimino (2018 NY Slip Op 04007)





People v Sancimino


2018 NY Slip Op 04007


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-07717
 (Ind. No. 2644/12)

[*1]The People of the State of New York, respondent,
v
Thomas Sancimino, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey and David P. Greenberg of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Ellen Ravitch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered July 23, 2015, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of robbery in the third degree.
ORDERED that the amended judgment is affirmed.
The defendant's contention that the violation of probation proceeding failed to comply with certain requirements set forth in CPL 410.70 is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
Under the circumstances of this case, the defendant's waiver of his right to appeal, given at the time of his plea of guilty, does not preclude review of his claim that the amended sentence imposed upon his violation of a condition of his probation was excessive. The defendant was not informed of the maximum sentence that could be imposed if he violated the conditions of probation, and thus, he did not knowingly waive his right to appeal from the amended sentence (see People v Yodice, 153 AD3d 1373, 1373; cf. People v Maracle, 19 NY3d 925, 928). Nevertheless, the amended sentence was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court