People v Juwan L.D. (2018 NY Slip Op 08322)





People v Juwan L.D.


2018 NY Slip Op 08322


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-11812
 (Ind. No. 14-00414)

[*1]The People of the State of New York, respondent,
v
Juwan L.D. (Anonymous), appellant.


Mary Zugibe Raleigh, Warwick, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee and Andrew Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Orange County (Nicholas DeRosa, J.), rendered October 7, 2016, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender for robbery in the second degree.
ORDERED that the amended judgment is affirmed.
On October 3, 2014, the defendant pleaded guilty to robbery in the second degree, a class C violent felony (see Penal Law § 160.10[1]). On November 13, 2014, the County Court adjudicated the defendant a youthful offender and sentenced him to a period of probation of five years. A violation of probation petition was filed against the defendant and, on November 4, 2015, the County Court adjourned the matter to afford the defendant an additional opportunity to comply with the terms and conditions of his probation. On August 10, 2016, the defendant admitted that he had violated certain additional conditions of his probation and conditional probation was continued. Thereafter, an addendum to the violation of probation petition was filed against the defendant and, on October 7, 2016, upon a finding that the defendant had violated additional conditions of his probation, the County Court revoked the sentence of probation and resentenced the defendant to an indeterminate term of imprisonment of 1&frac13; to 4 years.
Under the circumstances of this case, the defendant's purported waiver of his right to appeal, given at the time of his plea of guilty, does not preclude review of his claim that the amended sentence imposed upon his violation of conditions of his probation was excessive. The defendant was not informed of the maximum sentence that could be imposed if he failed to conform to the conditions of probation, and thus, did not knowingly waive his right to appeal from the amended judgment (see People v Yodice, 153 AD3d 1373; People v Harris, 289 AD2d 1068; cf. People v Maracle, 19 NY3d 925, 928; People v Lococo, 92 NY2d 825; People v Hazel, 145 AD3d 797; People v Perez, 140 AD3d 799; People v Miles, 268 AD2d 489, 489-490).
Nevertheless, the amended sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court