People v Simone (2020 NY Slip Op 02654)





People v Simone


2020 NY Slip Op 02654


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-00385

[*1]The People of the State of New York, respondent,
v
Joseph S. Simone, appellant. (S.C.I. No. 1494/18)


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Barbara Graves-Poller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Queens County (Douglas Wong, J.), imposed December 7, 2018, revoking a sentence of probation previously imposed by the same court (Eugene Guarino, J., at plea; Karen Gopee, J., at sentence), upon a finding that he violated conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the third degree, on the ground that the amended sentence was excessive.
ORDERED that the amended sentence is affirmed.
The defendant pleaded guilty to attempted robbery in the third degree in return for a split sentence of imprisonment and probation (see Penal Law § 60.01[2][d]). The defendant successfully completed the term of imprisonment, but violated conditions of his probation. After a hearing, the Supreme Court revoked the defendant's split sentence and imposed a term of imprisonment. The defendant appeals from the amended sentence on the ground that it was excessive.
The defendant's waiver of his right to appeal, given at the time of his plea of guilty, does not preclude appellate review of his challenge to the severity of the amended sentence. There is nothing on the record to show that the defendant, at the time of the purported appeal waiver, was aware of the maximum legal sentence that could be imposed if he failed to conform to the conditions of probation. Under these circumstances, the record does not reflect that the defendant knowingly and intelligently waived his right to challenge the severity of the amended sentence which, at that point, "had not yet been declared by the court" (People v Maracle, 19 NY3d 925, 928; see People v Batiste, 181 AD3d 816; People v Dym, 175 AD3d 1553, 1554; People v Juwan L.D., 167 AD3d 645, 646; People v Yodice, 153 AD3d 1373, 1373).
Nevertheless, the amended sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court