People v Hopkins (2020 NY Slip Op 07093)





People v Hopkins


2020 NY Slip Op 07093


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-04819
 (Ind. No. 946/17)

[*1]The People of the State of New York, respondent,
v
Shaquile N. Hopkins, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Sarah S. Rabinowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J.), rendered February 16, 2018, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In October 2017, the defendant pleaded guilty to assault in the second degree. As part of the conditions of his plea, the defendant was required, inter alia, not to commit any new offenses prior to sentencing. The defendant further understood that if he failed to comply with this condition, the sentencing court could impose an enhanced sentence, and the defendant would not be permitted to take back his plea. At a subsequent court appearance on January 8, 2018, the defendant was again admonished not to get rearrested or to face additional charges prior to sentencing. The following day, the defendant was arrested in Queens. The defendant subsequently received an enhanced sentence after the Supreme Court determined that he had failed to satisfy a condition of his plea agreement.
The defendant's contention that the Supreme Court failed to make a sufficient inquiry to determine whether he violated a condition of his plea agreement is unpreserved for appellate review (see People v Humbach, 153 AD3d 637, 638; People v Cousar, 128 AD3d 716, 716; People v Arrington, 94 AD3d 903, 903), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15; People v Humbach, 153 AD3d at 638).
The defendant's challenge to the restitution component of his sentence is unpreserved for appellate review (see People v Horne, 97 NY2d 404, 414 n 3; People v Nelson, 77 AD3d 973; People v Rojas, 74 AD3d 1369), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court