People v Guichard (2021 NY Slip Op 02822)





People v Guichard


2021 NY Slip Op 02822


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01917
 (Ind. No. 1123/12)

[*1]The People of the State of New York, respondent,
v
Donald J. Guichard, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered August 1, 2018, convicting him of attempted possession of marijuana in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that the County Court erred in imposing a sentence greater than that which had been promised without affording him the opportunity to withdraw his plea of guilty or making an adequate inquiry into the validity of his postplea arrest are unpreserved for appellate review (see CPL 470.05[2]; People v Hopkins, 188 AD3d 1253, 1253; People v Morales, 121 AD3d 919, 919). In any event, the court acted properly within its discretion in imposing an enhanced sentence as a result of the defendant's undisputed violation of the clear and unambiguous "no re-arrest" condition of the plea (see People v Morales, 121 AD3d at 919). The court was under no obligation to afford the defendant the opportunity to withdraw his plea of guilty (see People v Szyjko, 17 AD3d 609, 610). In addition, the court's inquiry into the validity of the defendant's postplea arrest was adequate (see generally People v Outley, 80 NY2d 702, 713).
The defendant's further contention of an unreasonable delay in sentencing pursuant to CPL 380.30(1) is unpreserved for appellate review (see CPL 470.05[2]; People v Polite, 164 AD3d 1372, 1375), and, in any event, without merit (see People v Brooks, 118 AD3d 1123, 1124).
The enhanced sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court