People v Rogers (2023 NY Slip Op 05001)

People v Rogers

2023 NY Slip Op 05001

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-01829
 (Ind. No. 6122/19)

[*1]The People of the State of New York, respondent,
v
Everett Rogers, appellant.

Adam Seiden, Mount Vernon, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lommas, Raffaelina Gianfrescesco, and Jill Oziemblewski of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Kettner, J.), rendered November 4, 2020, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In October 2019, the defendant entered into a plea agreement wherein he agreed to enter a plea of guilty to assault in the third degree, a misdemeanor, and harassment in the second degree, a violation, in exchange for a one-year term of interim probation. Pursuant to the agreement, if the defendant complied with all of the conditions of the interim probation, at the conclusion of the year, he would be permitted to withdraw his plea of guilty to the misdemeanor charge and enter a plea of guilty to the violation only.
In October 2020, the County Court held an inquiry as to whether the defendant had successfully completed his interim probation. The court adjourned the case for sentencing to November 2020. At sentencing, the court found that the defendant had not successfully completed his interim probation, and sentenced him to three years of domestic violence probation with a one-year credit for the interim probation served on the misdemeanor charge. The defendant appeals.
The County Court correctly determined that the defendant did not successfully complete his interim probation (see CPL 400.10). The court afforded the defendant a full opportunity to be heard, and conducted an inquiry of "sufficient depth to enable [it] to determine that [the] defendant failed to comply with the terms and conditions of his interim probation" (People v Portillo, 208 AD3d 522, 523 [internal quotation marks omitted]; see People v Outley, 80 NY2d 702, 713). The court's determination that the defendant did not complete the conditions of his interim probation was supported by sufficient reliable and accurate information (see People v Mingo, 12 NY3d 563, 573; People v Perry, 36 NY2d 114, 120; People v Mays, 181 AD3d 874, 875).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court