People v Edwards

2026 NY Slip Op 50801(U)

May 21, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Sentence--Probation--Violation

The People of the State of New York, Respondent,

v

Kalen Edwards, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on May 21, 2026

2022-572 D CR

Present: : Timothy S. Driscoll, P.J., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Dutchess County Public Defender (Nicholas Kellyman of counsel), for appellant.
Dutchess County District Attorney (Anna K. Diehn of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Justice Court of the Town of Pleasant Valley, Dutchess County (Darren H. Fairlie, J.), imposed June 16, 2022, upon his conviction of common-law driving while intoxicated, following his plea of guilty.

[*1]

ORDERED that the appeal is dismissed.

On November 18, 2021, in satisfaction of charges of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), and speeding (Vehicle and Traffic Law § 1180 [a]), defendant pleaded guilty to common-law driving while intoxicated and was placed on a one-year term of interim probation. If defendant successfully completed interim probation, he would be permitted to withdraw his plea of guilty to common-law driving while intoxicated and enter a plea of guilty to driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). The probation department thereafter notified the Justice Court that defendant had violated the conditions of interim probation on nine occasions. On June 16, 2022, defendant appeared with counsel in the Justice Court. The court found that defendant had violated the conditions of interim probation and sentenced him to three years' probation with a seven-month credit for the interim probation served. Defendant appeals, arguing that the Justice Court failed to conduct a sufficient inquiry to determine if defendant had violated the conditions of his interim probation.

Defendant's contention has been rendered moot, as he has served his sentence in full, and, thus, dismissal of the appeal is appropriate (see People v Stratton, 237 AD3d 861, 861 [2025]; People v Walker, 127 AD3d 1506, 1506 [2015]; People v Dietz, 55 Misc 3d 149[A], 2017 NY Slip Op 50727[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Farmer, 50 Misc 3d 141[A], 2016 NY Slip Op 50199[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).

Were we not dismissing the appeal, we would affirm. Defendant's contention is [*2]unpreserved for appellate review, "since [he] did not request a hearing, object to the adequacy of the inquiry conducted by the court, . . . or move to withdraw [his] plea of guilty" on this ground (People v Humbach, 153 AD3d 637, 638 [2017]; see CPL 470.05 [2]; People v Rodriguez, 191 AD3d 904, 904 [2021]; People v Hopkins, 188 AD3d 1253, 1253-1254 [2020]). In any event, the contention is without merit. The record establishes that "[t]he [Justice] Court complied with the procedures set forth in CPL 400.10 [in that] it afforded . . . defendant a full opportunity to be heard, and conducted an inquiry of 'sufficient depth to enable [it] to determine that defendant failed to comply with the terms and conditions of his interim probation' " (People v Portillo, 208 AD3d 522, 523 [2022] [alteration omitted], quoting People v Wissert, 85 AD3d 1633, 1634 [2011]; see People v Sims, 41 NY3d 995, 996 [2024]; People v Rogers, 220 AD3d 709, 710 [2023]; People v Sterngast, 211 AD3d 1043, 1044 [2022]).

Accordingly, the appeal is dismissed.

DRISCOLL, P.J., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 21, 2026