■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WHITE, Appellant. [770 NYS2d 630]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered January 23, 2003, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

When the defendant failed to comply with the condition of his plea agreement that he appear on the scheduled sentencing date, the County Court was no longer bound by the original plea agreement and had the right to impose a greater sentence (*see People v Figgins,* 87 NY2d 840 [1995]; *People v Delatorre,* 306 AD2d 419 [2003], *lv denied* 100 NY2d 619 [2003]). Moreover, as the defendant was aware that he faced an enhanced sentence if he failed to comply with the plea agreement, the enhanced sentence was appropriate (*see People v Delatorre, supra* at 420; *People v Walters,* 273 AD2d 418 [2000]). A general waiver of the right to appeal, which is knowing, voluntary, and intelligent, encompasses the claim that the term of imprisonment imposed under an enhanced sentence is harsh and excessive where, as here, the defendant was informed that a maximum sentence could be imposed if he failed to comply with the conditions of the plea agreement (*see People v Ortiz,* 295 AD2d 449 [2002]; *People v Miles,* 268 AD2d 489 [2000]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.