■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORIN BOBO, Appellant. [842 NYS2d 40]—

Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Nassau County (Gulotta, J.), rendered October 19, 2005, sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years upon his conviction of criminal possession of a controlled substance in the fifth degree, to run concurrently with a determinate term of imprisonment of one year upon his conviction of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty.

Ordered that the sentence is affirmed.

In exchange for his plea of guilty, the defendant was promised a sentence of an indeterminate term of imprisonment of 3 to 6 years for criminal possession of a controlled substance in the fifth degree and was further advised that if he failed to appear for sentencing he could be sentenced "to anything up to the maximum of three and a half to seven years."

The defendant failed to appear for sentencing and was returned on a bench warrant. When he was brought before the court he claimed that he failed to appear on the original sentencing date because "I had a problem with my parole officer . . . I don't know. I just panicked, I guess." This did not constitute a reasonable justification for failing to appear for sentencing (*see People v Outley,* 80 NY2d 702 [1993]). Accordingly, the court properly imposed an enhanced sentence of an indeterminate term of 3½ to 7 years' imprisonment to run concurrently with a determinate term of imprisonment of one year (*see People v Gianfrate,* 192 AD2d 970, 973 [1993]; *People v Francis,* 11 Misc 3d 142[A], 2006 NY Slip Op 50733[U] [2006]).

The defendant's claim that the court should have conducted an additional inquiry as to why the defendant failed to appear on the original sentencing date is unpreserved for appellate review (*see People v Miles,* 268 AD2d 489, 490 [2000]). Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.