■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONZ MARTE, Appellant. [925 NYS2d 348]—

Appeal by the defendant from a judgment of the Supreme

Court, Westchester County (Zambelli, J.), rendered November 2, 2009, convicting him of robbery in the first degree and attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In exchange for his plea of guilty, the defendant was promised a sentence of six months of "shock" incarceration and a period of five years of probation, with youthful offender treatment, and was further advised that if he failed to appear for sentencing, he could receive an enhanced sentence. The defendant failed to appear for sentencing and was later returned on a bench warrant.

Initially, the defendant's contention that the Supreme Court failed to conduct an adequate plea allocution, is unpreserved for appellate review, since he did not move to withdraw the guilty plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Ingram*, 80 AD3d 713, 713-714 [2011], *lv denied* 16 NY3d 831 [2011]; *People v Gaines*, 11 AD3d 478 [2004]). In any event, the court conducted a sufficient inquiry, and the defendant's plea of guilty was valid.

Additionally, when the defendant failed to comply with the condition of his plea agreement that he appear on the scheduled sentencing date, the Supreme Court was no longer bound by the original plea agreement and had the right to impose an enhanced sentence (*see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Bobo*, 43 AD3d 950, 951 [2007]; *People v White*, 3 AD3d 543, 544 [2004]). Moreover, as the defendant was made aware that he faced an enhanced sentence if he failed to comply with the plea agreement, the enhanced sentence was appropriate (*see People v White*, 3 AD3d at 544). Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.