THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MADI A. GRANT, Appellant. [996 NYS2d 147]—

Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (IDV Part) (Crecca, J.), both rendered May 10, 2012, convicting him of criminal contempt in the second degree under indictment No. 7200-11, and aggravated unlicensed operation of a motor vehicle under indictment No. 7025-12, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) with respect to the appeal from the judgment rendered under indictment No. 7025-12, in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the judgments are affirmed.

With respect to the appeal from the judgment rendered under indictment No. 7200-11, the defendant contends that the Supreme Court erred in imposing a sentence greater than that which had been promised without affording him the opportunity to withdraw his plea of guilty. This contention is unpreserved for appellate review, since the defendant failed to move to withdraw his plea on this ground prior to the imposition of sentence or otherwise raise the issue in the Supreme Court (*see People v Murray*, 15 NY3d 725, 726 [2010]; *People v Guillen*, 37 AD3d 493 [2007]; *People v Szyjko*, 17 AD3d 609 [2005]). In any event, when the defendant failed to comply with the condition of his plea agreement that he appear on the scheduled sentencing date, the court was no longer bound by the original plea agreement, and had the right to impose a greater sentence (*see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Hubbard*, 105 AD3d 760 [2013]; *People v Marte*, 85 AD3d 945, 946 [2011]; *People v White*, 3 AD3d 543, 544 [2004]). Moreover, as the defendant was aware that he faced an enhanced sentence if he failed to comply with the plea agreement, the enhanced sentence was appropriate (*see People v White*, 3 AD3d at 544; *People v Delatorre*, 306 AD2d 419, 420 [2003]; *People v Walters*, 273 AD2d 418 [2000]).

With respect to the appeal from the judgment rendered under indictment No. 7025-12, we are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to

*Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues that could be raised on the appeal from that judgment. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.