People v Pereyra (2019 NY Slip Op 00907)





People v Pereyra


2019 NY Slip Op 00907


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-06301
 (Ind. No. 1256/15)

[*1]The People of the State of New York, respondent,
v
Jose Pereyra, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Laurie K. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Nassau County (Patricia Harrington, J.), imposed November 2, 2016, upon his plea of guilty, on the ground that the sentence imposed was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid due to the Supreme Court's limited colloquy, which did not ensure that the defendant understood the consequences of the waiver (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 137; People v Johnson, 109 AD3d 1004). In any event, a waiver of the right to appeal does not affect the reviewability of the issue of whether there was a sufficient basis to impose an enhanced sentence (see People v Smith, 160 AD3d 664, 665; People v Gregory, 140 AD3d 1088, 1089; People v Muhammad, 47 AD3d 951, 952).
The Supreme Court's imposition of the enhanced sentence was a provident exercise of discretion. The court clearly warned the defendant on October 13, 2016, the original sentencing date, that it would grant his request to be released from custody and to adjourn sentencing to allow him to attend to personal matters, on the condition that he would not be re-arrested, and that he appear for sentencing on October 19, 2016. The court also told the defendant that he should appear on October 19, 2016, prepared to be sentenced. The court further warned the defendant that if he did not comply with these conditions, he would be sentenced to a term of imprisonment of 2&frac13; to 7 years. On October 19, 2016, the defendant failed to timely appear for his sentencing. The defendant arrived to court in the afternoon, and was observed by the court to be in an intoxicated condition. Thus, due to the defendant's condition, he was not prepared to be sentenced, which necessitated a further adjournment.
Failure to appear on a scheduled sentencing date in violation of a plea agreement may constitute a basis to impose an enhanced sentence (see People v Figgins, 87 NY2d 840; People v Grant, 122 AD3d 767). Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in enhancing the defendant's sentence on his conviction of operating a motor vehicle while under the influence of alcohol or drugs from, inter alia, the promise [*2]of 1&frac13; to 4 years imprisonment, to 1½ to 4½ years imprisonment (see People v Grant, 122 AD3d at 767; People v Marte, 85 AD3d 945, 946).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court