People v Mays (2020 NY Slip Op 02041)





People v Mays


2020 NY Slip Op 02041


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-11821
 (Ind. No. 17-00143)

[*1]The People of the State of New York, respondent,
v
Samuel Mays, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered September 13, 2018, convicting him of assault in the second degree and resisting arrest, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In August 2017, the defendant entered into a plea agreement wherein he agreed to plead guilty to assault in the second degree and resisting arrest in exchange for a one-year term of interim probation. Pursuant to the agreement, if the defendant complied with all of the conditions of the interim probation, at the conclusion of the year, he would be permitted to withdraw his plea to the felony count of assault in the second degree and would receive a sentence of three years of probation on the misdemeanor count of resisting arrest. If the defendant failed to comply with the conditions of the interim probation, the plea to the felony count would remain and he would be subject to a term of imprisonment of up to seven years followed by three years of postrelease supervision. Pursuant to the conditions of the interim probation, among other things, the defendant was required to refrain from committing any additional crimes, offenses, or violations, and to participate in a drug and alcohol evaluation and comply with all recommendations regarding treatment.
During the term of interim probation, the defendant was charged with violating the above referenced conditions of his interim probation, and the County Court held a hearing. At the conclusion of the hearing, the court determined that the defendant had violated the conditions of his interim probation and thereafter sentenced him to a determinate term of imprisonment of six years followed by three years of postrelease supervision. The defendant appeals.
We agree with the County Court's determination that the defendant violated certain conditions of his interim probation and its imposition of the alternative sentence of a term of imprisonment. A sentencing court faced with an allegation that a defendant violated a condition of a plea agreement must conduct an inquiry sufficient to satisfy itself that there is a legitimate basis for such a finding (see People v Fiammegta, 14 NY3d 90, 98; People v Outley, 80 NY2d 702, 713). Contrary to the defendant's contention, the court's determination that the defendant violated the [*2]conditions of his interim probation was supported by sufficient reliable and accurate information (see People v Rollins, 50 AD3d 1535, 1536; People v Delgado, 45 AD3d 496). Since the defendant was aware that he faced a sentence of imprisonment if he failed to comply with the terms of the plea agreement, upon its finding that the defendant failed to comply, the court was within its discretion in imposing a six-year term of imprisonment followed by a three-year term of postrelease supervision (see People v Marte, 85 AD3d 945; People v White, 3 AD3d 543, 544).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court