People v Portillo (2022 NY Slip Op 04822)

People v Portillo

2022 NY Slip Op 04822

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-05994
2020-05998
 (Docket Nos. 7076/18, 7077/18)

[*1]The People of the State of New York, respondent,
v
Oscar J. Portillo, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Sharyn Gitter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from two judgments of Supreme Court, Suffolk County (IDV Part) (Andrew Crecca, J.), both rendered November 7, 2019, convicting him of criminal obstruction of breathing or blood circulation under Docket No. 7076/18, and endangering the welfare of a child under Docket No. 7077/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
In March 2019, the defendant entered into a plea agreement wherein he agreed to plead guilty to criminal obstruction of breathing or blood circulation under Docket No. 7076/18, and endangering the welfare of a child under Docket No. 7077/18, in exchange for a one-year term of interim probation. Pursuant to the agreement, if the defendant complied with all of the conditions of the interim probation, at the conclusion of the year, he would be permitted to withdraw his pleas to the two misdemeanors and plead to reduced charges. If the defendant failed to comply with the conditions of the interim probation, he would not be permitted to plead to reduced charges, his guilty pleas would remain, and he would be subject to the maximum sentence on each charge.
During the term of interim probation, it was alleged that the defendant violated certain conditions of the interim probation. On November 7, 2019, the defendant appeared with counsel in the Supreme Court. The court found that the defendant violated the conditions of interim probation and sentenced him to 90-day jail terms on each of the two counts, to run concurrently. The defendant appeals.
Contrary to defendant's contention, the issue of whether the Supreme Court conducted a sufficient inquiry to determine if the defendant had violated the conditions of his interim probation is unpreserved for appellate review (see People v Lopez, 71 NY2d 662) and, in any event, without merit.
The Supreme Court complied with the procedures set forth in CPL 400.10 wherein it afforded the defendant a full opportunity to be heard, and conducted an inquiry of "sufficient depth to enable [it] to determine that the defendant failed to comply with the terms and conditions of his interim probation" (People v Wissert, 85 AD3d 1633, 1634 [internal quotation marks omitted]; see People v Mays, 181 AD3d 874, 875; People v Kocher, 116 AD3d 1301, 1302).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court