People v Kazimer (2022 NY Slip Op 06819)

People v Kazimer

2022 NY Slip Op 06819

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-13008
 (Ind. No. 46/18)

[*1]The People of the State of New York, respondent,
v
Michael J. Kazimer, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered October 31, 2019, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to criminal contempt in the first degree and criminal contempt in the second degree. Prior to sentencing, he moved to withdraw his plea of guilty. The County Court denied the motion without a hearing and imposed sentence. The defendant appeals.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jamison, 197 AD3d 569, 570 [internal quotation marks omitted]; see CPL 220.60[3]; People v Torres, 192 AD3d 831, 832). "In general, 'such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea'" (People v Hollmond, 191 AD3d 120, 136, quoting People v De Jesus, 199 AD2d 529, 530). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Hollman, 197 AD3d 484, 484).
Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Hollman, 197 AD3d at 484-485; People v Duart, 144 AD3d 1173, 1175). The defendant's assertions in support of his motion to withdraw his plea of guilty were unsubstantiated and contradicted by the record of the plea proceeding (see People v Haffiz, 19 NY3d 883, 884; People v Turner, 195 AD3d 953, 954; People v Abreu, 184 AD3d 656, 656).
The County Court properly determined that the defendant violated certain conditions of his interim probation and properly imposed the alternative sentence of a term of imprisonment. A sentencing court faced with an allegation that a defendant violated a condition of a plea agreement must conduct an inquiry sufficient to satisfy itself that there is a legitimate basis for such a finding (see People v Fiammegta, 14 NY3d 90, 98; People v Outley, 80 NY2d 702, 713; People v Mays, 181 AD3d 874, 875). Contrary to the defendant's contention, the court's determination that he violated the conditions of his interim probation was supported by sufficient reliable and accurate information (see People v Mays, 181 AD3d at 875; People v Rollins, 50 AD3d 1535, 1536; People v Delgado, 45 AD3d 496). Since the defendant was aware that he faced a sentence of imprisonment if he failed to comply with the terms of the plea agreement, upon its finding that the defendant failed to comply, the court was within its discretion in imposing a term of imprisonment of 1 to 3 years (see People v Mays, 181 AD3d at 875; People v Marte, 85 AD3d 945, 946; People v White, 3 AD3d 543, 544).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court