People v Sterngast (2022 NY Slip Op 07457)

People v Sterngast

2022 NY Slip Op 07457

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2021-06219

[*1]The People of the State of New York, respondent,
v
Megan Sterngast, appellant. (S.C.I. No. 9/20)

Samuel S. Coe, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered July 20, 2021, convicting her of grand larceny in the fourth degree and petit larceny, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In January 2020, the defendant entered into a plea agreement wherein she agreed to enter a plea of guilty to grand larceny in the fourth degree, a felony, and petit larceny, a misdemeanor, in exchange for a one-year term of interim probation. Pursuant to the agreement, if the defendant complied with all of the conditions of the interim probation, at the conclusion of the year, she would be permitted to withdraw her plea of guilty to the felony charge and enter a plea of guilty to the misdemeanor charge only.
In May 2021, the County Court held an inquiry as to whether the defendant had successfully completed her interim probation. After the People presented evidence that the defendant had not successfully completed the required number of community service hours, the court found that the defendant had not successfully completed her interim probation, and sentenced her to an indeterminate term of imprisonment of 1½ to 3 years on the felony count. The defendant appeals.
The County Court correctly determined that the defendant did not successfully complete her interim probation. The court afforded the defendant a full opportunity to be heard and conducted an inquiry of "sufficient depth to enable [it] to determine that [the] defendant failed to comply with the terms and conditions of [her] interim probation" (People v Wissert, 85 AD3d 1633, 1634 [internal quotation marks omitted]; see People v Outley, 80 NY2d 702, 703). The court's determination that the defendant did not complete the conditions of her interim probation was supported by sufficient reliable and accurate information (see People v Mays, 181 AD3d 874, 875).
The defendant's contentions that the community service obligation was excessive and that the County Court inhibited her ability to perform community service by remanding her for approximately one month are unpreserved for appellate review, and we decline to reach them in the [*2]exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). The defendant's remaining contentions are without merit.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court