People v Carson (2023 NY Slip Op 00435)

People v Carson

2023 NY Slip Op 00435

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-06345
 (Ind. No. 559/19)

[*1]The People of the State of New York, respondent,
v
Joseph Carson, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered July 29, 2021, convicting him of attempted criminal sale of a controlled substance in the third degree (two counts), upon his plea of guilty, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to consecutive determinate terms of imprisonment of 9 years, to be followed by a period of postrelease supervision of 3 years, on each count.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from consecutive determinate terms of imprisonment of 9 years, to be followed by a period of postrelease supervision of 3 years, on each count, to concurrent determinate terms of imprisonment of 7 years, to be followed by a period of postrelease supervision of 3 years, on each count; as so modified, the judgment is affirmed.
The defendant entered a plea of guilty to two counts of attempted criminal sale of a controlled substance in the third degree, and the County Court promised to impose a sentence consisting of concurrent terms of imprisonment that would be capped at 5 years, to be followed by a period of postrelease supervision of 2 years, on each count. The defendant was advised that the court's promise was based upon specified conditions. The court found that the defendant had violated certain conditions. Based on that finding, the court imposed an enhanced sentence, consisting of consecutive determinate terms of imprisonment of 9 years, to be followed by a period of postrelease supervision of 3 years, on each count.
On appeal, the defendant contends that the County Court did not have a sufficient basis on which to impose an enhanced sentence. As the People correctly concede, this claim is not precluded by his waiver of the right to appeal (see People v Smith, 160 AD3d 664, 665; People v Gregory, 140 AD3d 1088, 1089). The defendant's contention, however, is partially unpreserved for appellate review and, in any event, without merit. The court's findings that the defendant violated the conditions imposed at the plea proceeding were "supported by sufficient reliable and accurate information" (People v Sterngast, ___ AD3d ___, ___, 2022 NY Slip Op 07457, *1 [2d Dept]; see People v Valencia, 3 NY3d 714, 715; People v Outley, 80 NY2d 702, 712), and it was therefore appropriate for the court to impose an enhanced sentence.
Contrary to the People's argument, the defendant's further contention that the enhanced sentence imposed was excessive is not foreclosed by the defendant's waiver of the right to appeal, since the defendant was not advised during the plea proceeding of the maximum sentence that could be imposed if he failed to comply with the conditions of the County Court's sentencing promise (see People v Wynne, 206 AD3d 1013, 1014; People v McNeil, 164 AD3d 608; People v Shea, 254 AD2d 512, 513; see also People v Lococo, 92 NY2d 825, 827). Although the court had a right to enhance the defendant's sentence, "we have broad, plenary power to modify an enhanced sentence that is harsh or excessive under the circumstances" (People v Diaz, 146 AD3d 803, 805; see People v Burbridge, 194 AD3d 831, 833). The enhanced sentence imposed was excessive to the extent indicated herein.
The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court