People v Tirado (2023 NY Slip Op 05745)

People v Tirado

2023 NY Slip Op 05745

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2019-14571
 (Ind. No. 9388/17)

[*1]The People of the State of New York, respondent,
v
Durante Tirado, appellant.

Patricia Pazner, New York, NY (Lynn W. L. Fahey and David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Guidice, J.), rendered November 7, 2019, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a consecutive determinate term of imprisonment of 25 years to be followed by a period of postrelease supervision of 5 years on the conviction of attempted murder in the second degree, and a concurrent determinate term of imprisonment of 15 years to be followed by a period of postrelease supervision of 5 years on the conviction of criminal possession of a weapon in the second degree.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees and providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant pleaded guilty to murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree in exchange for an agreed-upon sentence of a total of 25 years to life.
The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. "The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion" (People v Jamison, 197 AD3d 569, 570 [internal quotation marks omitted]; see CPL 220.60[3]; People v Torres, 192 AD3d 831, 832). Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant knowingly, voluntarily, and intelligently pleaded guilty (see People v Hollman, 197 AD3d 484, 484-485; People v Duart, 144 AD3d 1173, 1175). The defendant's assertions in support of his motion to withdraw his plea were contradicted by the record of the plea proceeding (see People v Kazimer, [*2]210 AD3d 1109, 1110).
Contrary to the defendant's contentions, the Supreme Court had a sufficient basis on which to impose an enhanced sentence. The court's determination, after a hearing, that the defendant violated two of the conditions imposed at the plea proceeding was "supported by sufficient reliable and accurate information" (People v Sterngast, 211 AD3d 1043, 1044; see People v Valencia, 3 NY3d 714, 715), and it was therefore appropriate for the court to impose an enhanced sentence (see People v Carson, 213 AD3d 690, 691).
However, under the circumstances of this case, the enhanced sentence was excessive to the extent indicated herein (see People v Frederick, 211 AD3d 1034, 1037; People v Suitte, 90 AD2d 80).
Moreover, as consented to by the People, we modify the judgment by vacating the surcharges and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Reeves, 203 AD3d 1181).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court