People v Nathaniel B. (2024 NY Slip Op 05805)

People v Nathaniel B.

2024 NY Slip Op 05805

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-08002

[*1]The People of the State of New York, respondent,
v
Nathaniel B. (Anonymous), appellant. (S.C.I. No. 70017/21)

Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Victoria B. Campbell, J.), rendered September 14, 2022, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20[3]), the sentence is vacated, an indeterminate term of imprisonment of 1&frac13; to 4 years is imposed, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance with CPL 720.35.
The defendant waived indictment and entered a plea of guilty under a superior court information to robbery in the third degree. As a condition of the plea, the People agreed to recommend a sentence of six months in prison, plus five years of probation.
During the plea proceeding, defense counsel noted that the defendant had signed a written waiver of indictment and a written waiver of the right to appeal, but there was no oral colloquy in relation to the waiver of the right to appeal with the defendant on the record.
The County Court advised the defendant that "I'll go along with the . . . recommendation provided you do everything you're supposed to do. You can't get arrested again. You have to cooperate with probation, you have to be truthful and answer all their questions, come back to court when you're supposed to and you have to continue to abide by the rules in your household."
When the defendant did not meet with the probation department and did not appear at an adjourned date, a bench warrant was issued. The defendant was subsequently arrested. Based upon a new recommendation by the People, the County Court sentenced the defendant to an indeterminate term of imprisonment of 2 to 6 years. The court denied him youthful offender status. The defendant appeals.
The defendant's waiver of his right to appeal was invalid (see People v Bradshaw, [*2]18 NY3d 257, 267; People v Pressley, 116 AD3d 794, 796), and, in any event, the issue of the propriety of imposing an enhanced sentence would survive a valid waiver of the right to appeal (see People v Volpe, 226 AD3d 708).
The defendant's challenge to the imposition of an enhanced sentence is unpreserved for appellate review (see People v Daniels, 189 AD3d 1261; People v Carrasquillo, 133 AD3d 774; People v Scoca, 38 AD3d 801). However, this Court has broad plenary power to modify an enhanced sentence as excessive (see People v Carson, 213 AD3d 690), and impose youthful offender treatment (see People v Christopher D., 210 AD3d 904). In the instant case, we deem the imposition of youthful offender treatment warranted.
The defendant was only 16 years old when the crime was committed, and he apparently had a prior record of offenses committed while he was a juvenile. The original presentence report stated that youthful offender treatment was not recommended, but the update to the presentence report recommended youthful offender treatment. At that juncture, he was gainfully employed and had stabilized his living situation. Under the particular circumstances of this case, youthful offender treatment is appropriate. However, in view of the nature of the defendant's offense, the maximum sentence for a youthful offender of an indeterminate term of imprisonment of 1&frac13; to 4 years (see Penal Law § 60.02[2]) is warranted.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court