■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. MICKENS, Appellant. [54 NYS3d 309]—

Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Cohen, J.), imposed March 9, 2016, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

At the plea proceeding, the County Court clearly advised the defendant that its sentencing promise was conditional, and that it would be free to impose an enhanced sentence in the event that the defendant violated one or more of the conditions. The court carefully delineated each of those conditions. Additionally, the court advised the defendant of the maximum sentence that could be imposed in the event the defendant violated a condition. Also at the plea proceeding, the defendant waived his right to appeal after the court thoroughly explained the nature and extent of the right to appeal, and the consequences of waiving it. The defendant nonetheless concededly violated one of the conditions of the court's sentencing promise, and the court imposed a sentence slightly higher than it had originally promised. On appeal, the defendant does not contend that the waiver was invalid or that he did not violate a condition, but seeks only to invoke this Court's interest of justice jurisdiction to reduce the enhanced sentence.

The defendant's general appeal waiver bars review of his request that his sentence be reduced in the interest of justice (*see People v Thompson*, 148 AD3d 1187, 1187 [2017]; *People v Perez*, 140 AD3d 799, 800 [2016]; *People v Frazier*, 127 AD3d 1229, 1230 [2015]; *People v Arrington*, 94 AD3d 903, 903 [2012]). Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.