People v Florio (2020 NY Slip Op 00298)





People v Florio


2020 NY Slip Op 00298


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-13927
 (Ind. No. 350/18)

[*1]The People of the State of New York, respondent,
v
Louis Florio, appellant.


Arza Feldman, Manhasset, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered November 8, 2018, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"A general waiver of the right to appeal, which is knowing, voluntary, and intelligent, encompasses the claim that the term of imprisonment imposed under an enhanced sentence is harsh and excessive, provided that the defendant is informed that a maximum sentence could be imposed if he or she fails to comply with the conditions of the plea agreement" (People v Miles, 268 AD2d 489, 489-490; see People v Frazier, 127 AD3d 1229, 1230).
At the plea proceeding, the Supreme Court clearly advised the defendant that its sentencing promise was conditional, and that it would be free to impose an enhanced sentence in the event that the defendant violated one or more of the conditions. Additionally, the court advised the defendant of the maximum sentence that could be imposed in the event that the defendant violated a condition. Also at the plea proceeding, the defendant waived his right to appeal after the court explained the nature and extent of the right to appeal and the consequences of waiving it. At sentencing, the defendant conceded that he violated two of the conditions of the court's sentencing promise, and the court imposed a sentence higher than it had originally promised, but less than the maximum sentence. On appeal, the defendant does not contend that the waiver was invalid or that he did not violate a condition, but seeks to invoke this Court's interest of justice jurisdiction to reduce the enhanced sentence.
The defendant's general appeal waiver bars review of his request that his sentence be reduced in the interest of justice (see People v Mickens, 151 AD3d 984, 984; People v Thompson, 148 AD3d 1187, 1187; People v Perez, 140 AD3d 799, 800; People v Frazier, 127 AD3d at 1230).
The defendant's contention that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is precluded by his valid waiver of the right to appeal (see People v Rodriguez, 82 AD3d 794, 795).
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court