People v Chuan Mu Fu (2020 NY Slip Op 04486)





People v Chuan Mu Fu


2020 NY Slip Op 04486


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-04374
 (Ind. No. 1053/16)

[*1]The People of the State of New York, respondent,
v
Chuan Mu Fu, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sarah G. Pitts of counsel; Katherine E. Giordano on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (William Miller, J.), imposed February 7, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
During plea bargaining, the People offered the defendant a sentence promise of 10 years' incarceration to be followed by 5 years of postrelease supervision in exchange for the defendant's plea of guilty to assault in the first degree, which was the top count in the indictment, and the defendant's execution of a waiver of the right to appeal. The defendant rejected the People's offer. The Supreme Court then offered to sentence the defendant to 7 years' incarceration to be followed by 5 years of postrelease supervision in exchange for, inter alia, the defendant's plea of guilty to assault in the first degree and his execution of a waiver of the right to appeal. The defendant accepted the court's sentence promise and pleaded guilty to assault in the first degree. The defendant's plea of guilty and sentence were entered over the People's objection.
Since the People were not party to any plea bargain in which the defendant waived the right to appeal, and since the Supreme Court reached beyond its interest in determining an appropriate sentence by extracting from the defendant a waiver of the right to appeal, the defendant's purported waiver of the right to appeal is unenforceable (see People v Sutton, _____ AD3d _____, 2020 NY Slip Op 03400 [2d Dept]; see also Penal Law § 1.05; People v McConnell, 49 NY2d 340, 346; see generally Garza v Idaho, _____ US _____, 139 S Ct 738; People v Seaberg, 74 NY2d 1, 7; People v Farrar, 52 NY2d 302, 305-306).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court