People v Martinez (2021 NY Slip Op 06866)





People v Martinez


2021 NY Slip Op 06866


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-01761

[*1]The People of the State of New York, respondent,
v
Anthony Martinez, appellant. (S.C.I. No. 18-00075)


Joseph J. Artrip, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass and Alexander J. H. Ochoa of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered September 4, 2018, convicting him of sexual abuse in the first degree (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal is invalid. During the oral colloquy, the County Court incorrectly suggested that the waiver was an absolute bar to the taking of an appeal, and the written waiver of the right to appeal did not cure the deficiencies in the oral colloquy in that it also mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Thomas, 34 NY3d 545, 566; People v Perrella, 188 AD3d 1263, 1264). Accordingly, the purported waiver does not preclude appellate review of the defendant's contention that the sentence imposed was excessive or his contention that the court improvidently exercised its discretion in denying him youthful offender status.
Contrary to the defendant's contention, the record demonstrates that the County Court did consider and make a determination as to whether the defendant should be afforded youthful offender treatment (see CPL 720.20; People v Rudolph, 21 NY3d 497, 501). The court was not required to provide the reasons for its determination on the record (see People v Minemier, 29 NY3d 414, 421). Moreover, the court providently determined that the interest of justice would not be served by relieving the defendant from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years (see CPL 720.20[1][a]). Accordingly, the court providently declined to adjudicate the defendant a youthful offender (see People v Sedeno, 188 AD3d 1269, 1270).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MILLER, J.P., DUFFY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court