People v Thomas (2023 NY Slip Op 01808)

People v Thomas

2023 NY Slip Op 01808

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-06221
2022-00370

[*1]The People of the State of New York, respondent,
v
Dashawn Thomas, appellant. (S.C.I. Nos. 185/21, 186/21)

Mark Diamond, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Orange County (Hyun Chin Kim, J.), both rendered August 9, 2019, convicting him of burglary in the third degree under Superior Court Information No. 185/21, and attempted burglary in the third degree under Superior Court Information No. 186/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that the County Court failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review (see CPL 470.05[2]; People v Proctor, 79 NY2d 992, 994; People v Pellegrino, 60 NY2d 636, 637; People v Smothers, 175 AD3d 1441, 1442). In any event, the defendant's contention is without merit, as the statutory purposes of CPL 400.21 were met and the court complied with the statute (see People v Bouyea, 64 NY2d 1140, 1142; People v Smothers, 175 AD3d at 1442). The court provided the defendant with notice of the predicate felony statement and an opportunity to be heard. Furthermore, the defendant admitted the allegations in the predicate felony statement, and there is no indication that the defendant contemplated a challenge to the constitutionality of his prior conviction (see People v Bouyea, 64 NY2d at 1142; People v Santos, 199 AD3d 717, 719; People v Smothers, 175 AD3d at 1442; People v Winslow, 100 AD3d 1031, 1031).
Moreover, as the defendant does not dispute, he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bryant, 28 NY3d 1094, 1096; People v Alvarez, 168 AD3d 1090, 1090). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that, in effect, the sentence imposed for the crime of burglary in the third degree under Superior Court Information No. 185/21 was excessive (see People v Lopez, 6 NY3d 248, 255; People v Alvarez, 168 AD3d at 1090).
To the extent the defendant contends that the County Court violated his right to due process by imposing the sentences, that contention is unpreserved for appellate review (see People v Sanford, 173 AD3d 906, 907; People v Morgan, 27 AD3d 579), and, in any event, without merit (see People v Martinez, 200 AD3d 806, 807; People v Galvez, 72 AD3d 838, 838).
Accordingly, we affirm the judgments.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court