People v Mahoney (2024 NY Slip Op 02211)

People v Mahoney

2024 NY Slip Op 02211

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-08273
 (Ind. No. 44/20)

[*1]The People of the State of New York, respondent,
v
Patrick J. Mahoney, Jr., appellant. 

Margaret M. Walker, Poughkeepsie, NY (Seth J. Gallagher of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered October 15, 2021, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In September 2020, the defendant was indicted, inter alia, for assault in the second degree (Penal Law § 120.05), under Indictment No. 44/20. On March 9, 2021, the defendant appeared before the County Court for a plea proceeding, at which the People offered a plea of assault in the second degree in exchange for a term of imprisonment with a "cap" of four years, to be followed by a period of postrelease supervision of three years, and a waiver of the right to appeal. Before the defendant accepted the plea offer, the court explained that it "would consider that sentence or something less," but that it was "not going to promise" a "definite number," since the court still had to review the presentence investigation report and other pertinent information, such as letters from professionals and family members. After the defendant had accepted the plea offer, the court explained the terms of the plea to the defendant and stated that "upon your plea, the Court will consider a cap." The defendant acknowledged that he understood the conditions of the plea offer.
During the ensuing plea colloquy, the County Court informed the defendant that it would "in all likelihood impose [the promised] sentence or something less," but further explained that, "[if], however, after reading the presentence report or otherwise learning something about you or this case which, in good conscience, would convince me the sentence is not appropriate, then I will give you opportunity to withdraw your guilty plea and we would start all over." The court further advised the defendant that "there are other reasons why I would not allow you to withdraw your guilty plea and would instead sentence you up to seven years in state prison along with postrelease supervision," including "that you commit a new offense or are appropriately arrested for a new offense." After an off-the-record discussion with defense counsel, the defendant acknowledged that he understood. The defendant then pleaded guilty to assault in the second degree in satisfaction of the indictment and waived his right to appeal.
While awaiting sentencing, the defendant was rearrested, and on September 15, 2021, the defendant pleaded guilty to assault in the third degree under Indictment No. 55/21.
On October 15, 2021, the County Court conducted a sentencing proceeding. Upon reviewing, inter alia, the presentence investigation reports, a mitigation report, the statements of two of the victims of the offenses, and the defendant's statement to the court, the court sentenced the defendant, under Indictment No. 44/20, to a term of imprisonment of six years, to be followed by a period of postrelease supervision of three years. Under Indictment No. 55/21, the court sentenced the defendant to a term of imprisonment of one year, with both sentences to run concurrently. The defendant appeals from the judgment of conviction under Indictment No. 44/2020, contending that the sentence imposed was excessive and that this Court may review this contention since the waiver of his right to appeal his conviction under Indictment No. 44/20 was invalid.
Contrary to the defendant's contention, the requirement that the defendant waive his right to appeal his conviction was not improperly extracted from the defendant by the County Court, but, instead, was the result of a negotiated plea between the People and the defendant (see People v Chaun Mu Fu, 186 AD3d 620, 621; People v Sutton, 184 AD3d 236, 240-241, 243).
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264). Here, because the County Court advised the defendant during the first plea proceeding that it was reserving approval of the negotiated disposition until it reviewed the presentence investigation report or other pertinent information, the defendant knowingly and intelligently waived his right to appeal from his conviction of assault in the second degree (see People v Johnson, 14 NY3d 483, 487; People v Lococo, 92 NY2d 825, 827; cf. People v Ellison, 176 AD3d 969, 970).
Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court