People v Powell (2024 NY Slip Op 06363)

People v Powell

2024 NY Slip Op 06363

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-02157
 (Ind. No. 141/20)

[*1]The People of the State of New York, respondent,
v
George Powell, appellant.

Matthew Christiana, Brooklyn, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Hyun Chin Kim, J.), imposed January 24, 2024, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the County Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Williams, 227 AD3d 480, 481), the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, he acknowledged that he had discussed the appeal waiver with his attorney (cf. People v Sutton, 184 AD3d 236, 245). The record further reflects that the defendant had prior experience with the criminal justice system and had pleaded guilty to a prior offense. Contrary to the defendant's contentions, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Bryant, 28 NY3d 1094, 1095). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 253; People v Florio, 179 AD3d 834, 835).
IANNACCI, J.P., GENOVESI, DOWLING, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court