People v Downing (2024 NY Slip Op 06581)

People v Downing

2024 NY Slip Op 06581

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-01874
 (Ind. No. 70683/22)

[*1]The People of the State of New York, respondent,
v
Rashiem Downing, appellant.

Matthew Christiana, Brooklyn, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Hyun Chin Kim, J.), imposed February 2, 2024, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the County Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Williams, 227 AD3d 480, 481), the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, he acknowledged that he had discussed the appeal waiver with his attorney. The record further reflects that the defendant had prior experience with the criminal justice system and had pleaded guilty to a prior offense. Contrary to the defendant's contentions, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Bryant, 28 NY3d 1094, 1095; cf. People v Sutton, 184 AD3d 236, 237). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 253; People v Florio, 179 AD3d 834, 835).
"[A] waiver of the right to appeal does not affect the reviewability of the issue of whether there was a sufficient basis to impose an enhanced sentence" (People v Pereyra, 169 AD3d 719, 719; see People v Pianaforte, 126 AD3d 815, 816; People v Muhammad, 47 AD3d 951, 952). Since the defendant was rearrested and failed to appear on a scheduled sentencing date in violation of his plea agreement, the County Court "was no longer bound by the original plea agreement, and had the right to impose a greater sentence" (People v Grant, 122 AD3d 767, 767; see People v Holland, 218 AD3d 490, 490-491; People v Scarlett, 176 AD3d 1111, 1112; People v Pereyra, 169 AD3d at 719; People v Smith, 160 AD3d 664, 665; People v Diaz, 146 AD3d 803, 805). During sentencing, the court took into account the defendant's prior criminal history, the loss of his child, [*2]his failure to appear for sentencing, and his subsequent arrest. Under the totality of the circumstances, the imposition of an enhanced sentence was a provident exercise of discretion (see People v Scarlett, 176 AD3d at 1112; People v Pereyra, 169 AD3d at 719).
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court