People v Delcid (2025 NY Slip Op 00329)

People v Delcid

2025 NY Slip Op 00329

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-02402
 (Ind. No. 70018/15)

[*1]The People of the State of New York, respondent,
v
Noe Delcid, appellant.

Laurette D. Mulry, Riverhead, NY (April J. Winecke of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J., at plea; Richard Ambro, J., at sentence), rendered December 15, 2022, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the requirement that the defendant waive his right to appeal his conviction was not improperly extracted from him by the County Court but, instead, was expressly requested by the People (see People v Mahoney, 226 AD3d 1050; People v Chuan Mu Fu, 186 AD3d 620; People v Sutton, 184 AD3d 236). Moreover, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Under the circumstances of this case, the defendant's valid waiver of his right to appeal encompasses his claim that the enhanced sentence was excessive (see People v Florio, 179 AD3d 834, 835; People v Mickens, 151 AD3d 984, 984; People v Thompson, 148 AD3d 1187).
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court