People v Velazquez (2025 NY Slip Op 00680)

People v Velazquez

2025 NY Slip Op 00680

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-01633
 (Ind. No. 72580/21)

[*1]The People of the State of New York, respondent,
v
Andre Velazquez, appellant.

Patricia Pazner, New York, NY (Elijah Giuliano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Solomon Neubort of counsel; Jordan Najah on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Heidi Cesare, J.), imposed September 6, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Downing, _____ AD3d _____, 2024 NY Slip Op 06581 [2d Dept]; People v Powell, _____ AD3d _____, 2024 NY Slip Op 06363 [2d Dept]), the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, the defendant acknowledged that he had discussed the appeal waiver with his attorney. The record further reflects that the defendant had prior experience with the criminal justice system and had pleaded guilty to a prior offense. Contrary to the defendant's contentions, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Bryant, 28 NY3d 1094, 1096; People v Downing, _____ AD3d _____, 2024 NY Slip Op 06581). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 253; People v Florio, 179 AD3d 834, 835).
IANNACCI, J.P., GENOVESI, DOWLING, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court