People v Francois (2025 NY Slip Op 00668)

People v Francois

2025 NY Slip Op 00668

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-02376
 (Ind. No. 73533/22)

[*1]The People of the State of New York, respondent,
v
Trevelle Francois, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Karen Abel-Bey on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (E. Niki Warin, J.), imposed February 8, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Williams, 227 AD3d 480, 481), the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, he acknowledged that he had discussed the appeal waiver with his attorney. Contrary to the defendant's contentions, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Bryant, 28 NY3d 1094, 1095; People v Downing, _____ AD3d _____, 2024 NY Slip Op 06581). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 253; People v Florio, 179 AD3d 834, 835).
CONNOLLY, J.P., WOOTEN, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court