People v Sorino (2025 NY Slip Op 00885)

People v Sorino

2025 NY Slip Op 00885

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-09783
 (Ind. No. 70296/22)

[*1]The People of the State of New York, respondent,
v
Anthony Sorino, appellant.

Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered October 19, 2022, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the County Court did not improperly suggest that the waiver of his right to appeal was mandatory, and moreover, the appeal waiver was the result of a negotiated plea agreement between the People and the defendant (see People v Mahoney, 226 AD3d 1050; People v Chuan Mu Fu, 186 AD3d 620, 621; People v Sutton, 184 AD3d 236, 240-241, 243). The court's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court in People v Batista (167 AD3d 69, 76-78), and by the Court of Appeals in People v Thomas (34 NY3d at 566-567). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court