People v Latimore (2025 NY Slip Op 01821)

People v Latimore

2025 NY Slip Op 01821

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-05317
2022-05318
2025-02206

[*1]The People of the State of New York, respondent,
v
Theodore Latimore, appellant. (Ind. Nos. 3/21, 50/21, 71/21)

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Dutchess County (Edward T. McLoughlin, J.), all rendered March 4, 2022, convicting him of criminal possession of stolen property in the fourth degree under Indictment No. 3/21, grand larceny in the fourth degree under Indictment No. 50/21, and grand larceny in the fourth degree under Indictment No. 71/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted his guilt, the appeal waiver was mentioned as being a condition of the plea bargain prior to the defendant's pleas of guilty and admissions of guilt (see People v Victor, _____ AD3d _____, 2025 NY Slip Op 00887; People v White, 234 AD3d 884). Under the totality of the circumstances, including the exemplary explanation of the right to appeal provided to the defendant and the defendant's age, experience, and background, the appeal waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264; People v Victor, _____ AD3d _____, 2025 NY Slip Op 00887; People v White, 234 AD3d 884).
Under the circumstances of this case, the defendant's valid waiver of his right to appeal encompasses his claim that the enhanced sentences were excessive (see People v Delcid, 234 AD3d 871, 871; People v Florio, 179 AD3d 834, 835; People v Mickens, 151 AD3d 984, 984; People v Thompson, 148 AD3d 1187).
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court