People v Bratton (2025 NY Slip Op 04916)

People v Bratton

2025 NY Slip Op 04916

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-09411 
2024-10544
2024-10547
 (Ind. No. 70842/22, S.C.I. Nos. 70419/23, 70420/23)

[*1]The People of the State of New York, respondent,
v
Thomas Bratton, appellant.

Matthew Christiana, Brooklyn, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Orange County (Craig Stephen Brown, J.), all rendered September 14, 2023, convicting him of conspiracy in the second degree under Indictment No. 70842/22, criminal possession of a controlled substance in the third degree under Superior Court Information No. 70419/23, and criminal possession of a controlled substance in the third degree under Superior Court Information No. 70420/23, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d at 253; People v Florio, 179 AD3d 834, 835).
The defendant's contention that the County Court failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review (see id. § 470.05[2]; People v Proctor, 79 NY2d 992, 994; People v Thomas, 215 AD3d 693, 694). In any event, the defendant's contention is without merit, as the statutory purposes of CPL 400.21 were met and the court substantially complied with the statute (see People v Smothers, 175 AD3d 1441, 1442). The defendant was provided with the predicate felony statement and admitted the allegations in the statement, and there is no indication that the defendant contemplated a challenge to the constitutionality of his prior conviction (see People v Thomas, 215 AD3d at 694; People v Smothers, 175 AD3d at 1442).
Accordingly, we affirm the judgments.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court