People v Keisy A. (2025 NY Slip Op 05695)

People v Keisy A.

2025 NY Slip Op 05695

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2023-01975
 (Ind. No. 70388/21)

[*1]The People of the State of New York, respondent,
v
Keisy A. (Anonymous), appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel; Jackson Kane on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heidi Cesare, J.), rendered December 13, 2022, adjudicating her a youthful offender, upon her plea of guilty to attempted assault in the second degree, and imposing sentence of a term of probation, including Condition No.14, requiring the defendant to support dependents and meet other family responsibilities.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgment is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal. Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of her appellate rights before obtaining an admission of guilt, the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to enter a plea of guilty (see People v Velazquez, 235 AD3d 664, 664-665). The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 253; People v Florio, 179 AD3d 834, 835).
The defendant's challenge to certain conditions of her probation was not precluded by the waiver of the right to appeal, and that challenge, for the most part, did not require preservation (see People v Dranchuk, 203 AD3d 741). As the People concede, Condition No. 14, requiring that the defendant "[s]upport dependents and meet other family responsibilities," was improperly imposed because it was not reasonably related to the defendant's rehabilitation or necessary to insure that she would lead a law-abiding life (People v Sobers, 235 AD3d 908, 909-910).
Condition No. 7, which directs the defendant to "[a]void injurious or vicious habits: refrain from frequenting unlawful or disreputable places; and [to] not consort with disreputable people," is derived from Penal Law § 65.10(2)(b), which states that a court may impose as a condition of probation that a defendant "[r]efrain from frequenting unlawful or disreputable places or consorting with disreputable persons." The Supreme Court providently deemed this condition "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist [her] to do [*2]so" (People v Lowndes, 239 AD3d 574, 574 [internal quotation marks omitted]), especially since it appears that the instant crime was committed at the urging of an associate of the defendant.
The defendant's constitutional challenge to Condition No. 7, which implicates the constitutionality of Penal Law § 65.10(2)(b), requires preservation as a question of law (see People v Saraceni, 153 AD3d 1559). That constitutional issue was not preserved for appellate review, and we decline to review that issue in the interest of justice (see CPL 470.15[3][c]).
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court